# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4721 | **DATE** | 12/30/2002 |
| **CASE TITLE** | Computer Associates etc. Vs. Quest Software, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for entry of a protective order regarding confidential information is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 3 1 2002 date docketed | 13 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 DEC 30 PM 12:04 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COMPUTER ASSOCIATES INTERNATIONAL, )
INC., a Delaware corporation, )
)
          Plaintiff, ) No. 02 C 4721
)
v. ) Honorable James B. Moran
)
QUEST SOFTWARE, INC., a California )
corporation, MICHAEL J. FRIEL, an Illinois )
resident, DEBORAH A. JENSON, an Illinois )
resident, ROBERT M. MACKOWIAK, an )
Illinois resident, and ELIZABETH W. )
WAHLGREN, an Illinois resident, )
)
          Defendants. )

**DOCKETED**

**DEC 3 1 2002**

## MEMORANDUM ORDER AND OPINION

The parties agree that a protective order is necessary, but they disagree about what experts may be employed. In balancing the competing policy objectives, see, Space Systems/Loral v. Martin Marietta Corp., 1995 WL 686369 (N.D. Calif.), we believe plaintiff's proposal is too broad, but some of it is a reasonable restriction. We are prepared to enter a protective order with, in general, the following restrictions.

    1. "Qualified Persons" shall not include any expert who is currently employed by any of the Parties (including their affiliates, predecessors, or successors-in-interest) or their respective counsel or has worked in any capacity from January 1, 1997 to the present for any of the Parties on the development of the EDBA Source Code or the Quest product at issue.

    2. Any expert must also agree that for one year after this case ends not to work for any Party (including their affiliates, predecessors or successors-in-interest) in the capacity of

13

consulting about or developing database administration, database performance management or database backup and recovery products.

3. Any expert must agree to be bound by the confidentiality restrictions, which carry over into future employment by other entities.

4. Both plaintiff and defendant may petition the court to permit the use of an expert who is disqualified by those provisions or to disqualify an expert who is not disqualified by these provisions or to otherwise condition that expert's engagement.

JAMES B. MORAN
Senior Judge. U.S. District Court

Dec. 30, 2002

2