

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4721 | **DATE** | 6/2/2003 |
| **CASE TITLE** | Computer Associates etc. Vs. Quest Software, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to require plaintiff to pay for its electronic discovery requests is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 36 |
| | Mail AO 450 form. | ED-7 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| | | 03 JUN -2 PM 2: 38 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in U.S District Court Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
JUN 3 2003

COMPUTER ASSOCIATES INTERNATIONAL, )
INC., a Delaware corporation, )
)
Plaintiff, )
)
vs. ) No. 02 C 4721
)
QUEST SOFTWARE, INC., a California corporation, )
MICHAEL J. FRIEL, an Illinois resident, DEBORAH )
A. JENSON, an Illinois resident, ROBERT M. )
MACKOWIAK, an Illinois resident, and ELIZABETH )
W. WAHLGREN, an Illinois resident, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Computer Associates International, Inc. (CA) brought this action against Quest Software, Inc. (Quest) and Quest employees Michael Friel, Deborah Jenson, Robert Mackowiak and Elizabeth Wahlgren, alleging copyright infringement and trade secret misappropriation arising from improper use of CA's Enterprise Database Administration (EDBA) software source code. Plaintiff asked defendants to make certain computer hard drives available for electronic imaging and, after imaging the drives, defendants filed this motion to require CA to pay for computer consultation that is necessary to prepare the drives for disclosure. For the following reasons, defendants' motion is denied.

### BACKGROUND

As part of discovery, plaintiff asked defendants to make available for electronic imaging the work and home computer hard drives of six Quest employees, including the named defendants. Imaging will allow plaintiffs to search for and reconstruct files that have

been deleted from the computers and would be otherwise undiscoverable. Pursuant to plaintiff's request, defendants gathered eleven hard drives for disclosure to plaintiff.

After initially imaging the hard drives, defendants concluded that eight of the eleven drives contain privileged information relating directly to this litigation and objected to their production until the privileged information can be located and permanently deleted. Quest contacted a third party computer consultant to make copies of the eight images and search for privileged communications. After reviewing the files with their attorneys, defendants plan to remove the privileged information from the images and indicate to plaintiff where the removed information was previously located. The cost of this consulting process is estimated at between $28,000 and $40,000 for the eight drives.

## DISCUSSION

If the burden of a discovery request outweighs the likely benefit, we may shift all or part of the cost of production to the requesting party. Byers v. Illinois State Police, 2002 WL 1264004, *11 (N.D. Ill. 2002). In determining whether costs should be shifted, we should take into account the following factors: (1) the specificity of the discovery requests; (2) the likelihood of discovering relevant information; (3) the availability of such information from other sources; (4) the purposes for which the responding party maintains the information; (5) the relative benefit to both parties of the discovery; (6) the total cost of production; (7) the relative ability of each party to control the costs; and (8) the resources available to each party. Rowe Entertainment, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421, 429 (S.D. N.Y. 2002).

Plaintiff's requests were as specific as possible – it asked only for images of the hard

drives that it has a reasonable belief contained information relevant to the use of the EDBA source code. Defendants do not dispute that they had the source code in their possession, making it likely that a thorough search of the drives will lead to the discovery of some relevant information. The search will likely reveal what uses defendants made of the source code and whether they disclosed it to other parties. Defendants are clearly in the best position to control the costs and scope of the consultation and have the incentive to do so. The review is largely for defendants' protection and benefit, and shifting the costs of the consultation would remove all incentive for them to narrowly tailor the review of the drives.

In Byers and Rowe, courts decided to shift some costs of discovery requests when the actual physical disclosure of the information would prove very costly. Byers, 2002 WL 1264004 at *11; Rowe, 205 F.R.D. at 431. Defendants here seek to recover the costs of their preventive measures undertaken before the actual disclosure of the information to plaintiff. These costs are analogous to the review of documents for privileged information and should not be shifted to the requesting party. *See* Byers, 2002 WL 1264004 at *12.

## CONCLUSION

For the foregoing reasons, defendants' motion to require plaintiff to pay for its electronic discovery requests is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 2, 2003.