Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4721 | **DATE** | 7/23/2003 |
| **CASE TITLE** | Computer Associates etc. Vs. Quest Software, Inc. etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendants' motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | JUL 24 2003 | | |
| | Notified counsel by telephone. | | | date docketed | | 44 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | | |
| WAH | courtroom deputy's initials | 03 JUL 23 AM 11:48 | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | | |

DOCKETED

JUL 2 4 2003


COMPUTER ASSOCIATES ) 
INTERNATIONAL., INC., a Delaware ) 
corporation, ) 
                 ) 
         Plaintiff, ) 
                 ) 
       vs. )     No. 02 C 4721 
                 ) 
QUEST SOFTWARE, INC. a ) 
California corporation, et al., ) 
                 ) 
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Computer Associates International, Inc. (CA) brought this action against defendants, Quest Software, Inc. (Quest) and four Quest employees, alleging copyright infringement and misuse of trade secret information. On May 15, 2003, plaintiff filed an amended complaint, adding claims for breach of contract and adding Frank L. Bisotti as a defendant. Defendants filed a motion to dismiss the breach of contract claims, Counts III, IV and V, pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(3), arguing that plaintiff fails to state a claim and that venue in this court is improper. For the following reasons, defendants' motion is denied.

## BACKGROUND

CA alleges that defendants unlawfully copied and used the computer source code created to develop its Enterprise Database Administration project (EDBA). It claims that the EDBA source code is protected by both the federal Copyright Act, 17 U.S.C. § 107 *et seq.* and the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* Plaintiff alleges that defendants used

this source code to create its own database administration software, thereby gaining a significant commercial advantage at plaintiff's expense. Plaintiff further alleges that defendants Wahlgren, Jenson and Bisotti breached written agreements with CA or its predecessor, Platinum *technology* International, Inc. (Platinum), in which they pledge to protect confidential information.

## DISCUSSION

In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) we must assume the truth of all well-pleaded factual allegations, making all inferences in the non-movant's favor. <u>Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund</u>, 25 F.3d 417, 420 (7th Cir. 1994). We dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss for improper venue under Rule 12(b)(3), we take all allegations as true, unless contradicted by defendants' affidavits and may consider facts outside the pleadings. <u>Pasulka v. Sykes</u>, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001).

<u>Bisotti Contract</u>

Defendants first argue that plaintiff's claim against Bisotti must fail because it does not allege the existence of a valid contract. First, defendants point out that, while Bisotti signed a document titled "Employment and Confidentiality Agreement" on June 14, 1999, CA never signed this document. Second, defendants produce a letter dated June 28, 1999, indicating that Bisotti declined an offer of employment from CA.

Likely, we need not consider the June 28, 1999 letter as part of this motion to dismiss. While we may consider some documents outside the pleadings in deciding a Rule 12(b)(6)

motion, these documents must be both referred to in the complaint and central to plaintiff's claims. Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998). This letter does not satisfy either prong.

Even considering the letter, however, plaintiff sufficiently alleges the existence of a contract. Because the June 14, 1999 document was signed by Bisotti, the party being charged with the contract, it is unnecessary to show that CA signed the contract if it indicated acceptance through performance. See Newcourt Financial USA, Inc. v. D&G Medical Systems, PLC, 2000 WL 528476, *5 (N.D. Ill. 2000). CA alleges that it reached an agreement with Bisotti on June 14, 1999, which agreement was honored by both parties. They claim that Bisotti continued to work for them and continued to receive his regular benefits at least through June 28, 1999. The letter of June 28, 1999, does not eliminate this possibility. In fact, the letter indicates that Bisotti turned down an employment offer on June 28, 1999, with no reference to the earlier agreement. While defendants may be able to produce evidence showing that there was never a valid employment agreement between CA and Bisotti, CA has sufficiently alleged the existence of such an agreement so as to survive a motion to dismiss.

Preemption

Defendants next argue that plaintiff's contract claims are preempted by the federal Copyright Act, 17 U.S.C. § 301. Preemption generally does not force courts to interfere in contractual rights bargained for by private parties. ProCD, Inc. v. Zeidenberg, 86 F.3d 1447, 1454-55 (7th Cir. 1996). Such rights are preempted by the Copyright Act only if they are equivalent to those already protected by federal copyright law. Id. Plaintiff alleges that the defendants had an affirmative contractual duty to protect the EDBA source code and treat it

as confidential information. These rights are not protected by the Copyright Act. A claim that

defendants breached a contractual duty of confidentiality is qualitatively different than a claim

of copyright infringement. *See* <u>Lennon v. Seaman</u>, 63 F. Supp. 2d 428, 438 (S.D.N.Y. 1999)

*citing* <u>Brignoli v. Balch Hardy and Scheinman, Inc.</u>, 645 F. Supp. 1201, 1204-06 (S.D.N.Y.

1986).

<u>Choice of Venue Clauses</u>

Both the "Waiver and Release Agreements," signed by Wahlgren and Jenson, and the

"Employment and Confidentiality Agreement," signed by Bisotti, contained choice of venue

clauses written by CA. These clauses dictate that federal and state courts in New York shall

have "exclusive jurisdiction" over all claims arising from the agreements. Plaintiff does not

dispute the validity of these clauses, but instead argues that this court is the proper venue for

the contract claims because the copyright infringement and trade secret claims are properly

in front of us, and because Quest, its employees and other potential witnesses, are located in

Illinois.

Contractual forum-selection clauses are presumptively valid. *See* <u>Heller Financial, Inc.</u>

<u>v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1290-91 (7th Cir. 1989). In determining the

correct venue for litigation, courts should give such clauses some consideration, but they are

not dispositive. *See* <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 30-31 (1987)

(analyzing forum-selection clause in the context of a motion to transfer venue pursuant to 28

U.S.C. § 1404(a)). This is because parties may only waive one of the § 1404(a) factors (their

own convenience), when signing a forum-selection clause. <u>Heller</u>, 883 F.2d at 1293. Here the

plaintiff has waived any reliance upon its own convenience as a reason for keeping the suit

here. Courts must still consider the convenience of third parties and the "interests of justice."
*Id.*

Transfer under § 1404(a) is proper if (1) venue is proper in both courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. <u>Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.</u>, 42 F.Supp. 2d 821, 833 (N.D.Ill. 1999). While this is a motion to dismiss the case rather than to transfer the venue, we believe that the analysis in this case should be the same. Other courts have analyzed Rule 12(b)(3) motions to dismiss, using the framework of § 1404(a). *See, e.g.,* <u>In re Ha-Lo Industries, Inc.</u>, 2003 WL 1824436 (Bankr. N.D. Ill. 2003). Looking at the § 1404(a) factors, we find that dismissing these counts and forcing plaintiff to refile in a New York court simply would not make sense. Even taking the forum-selection clause into account, there is a strong judicial interest in hearing these related claims in the same forum. Moreover, the interests of the other parties and witnesses will best be served by dealing with the claims as part of a single case. Because the parties cannot waive these other considerations, we choose not to enforce the forum-selection clause, instead finding that venue in this court is proper.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 23 , 2003.