Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4721 | **DATE** | 9/16/2003 |
| **CASE TITLE** | Computer Associates etc. Vs. Quest Software, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendants' motion to compel discovery relating to plaintiff's witness interview is granted in part and denied in part; their motion to compel disclosure of the trade secrets and copyright infringement allegations is denied. Plaintiff is hereby ordered to disclose the names of current and former Quest employees it has interviewed as part of this litigation. Status hearing set for October 9, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 58 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 SEP 16 PM 3:25 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 1 7 2003

| | | |
|---|---|---|
| COMPUTER ASSOCIATES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 02 C 4721 |
| QUEST SOFTWARE, INC., a California corporation, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Computer Associates International, Inc. (CA) brought this action against Quest Software, Inc. (Quest) and four Quest employees alleging copyright infringement and trade secret misappropriation. Defendants filed two discovery motions, the first seeking to compel CA to identify which current and former Quest employees it has interviewed and to turn over all related statements, and the second seeking to compel CA to more specifically disclose its copyright and trade secret allegations. For the following reasons, defendants' first motion is granted in part and denied in part and their second motion is denied.

CA alleges that Quest, with the help of former CA employees, improperly used the computer source code created by CA to create its database administration software, thereby gaining a significant commercial advantage at CA's expense. CA claims that it first learned of Quest's actions through an anonymous letter sent by a Quest employee and that it has subsequently interviewed other Quest employees about the alleged use of the source code.

Rule 26 of the Federal Rules of Civil Procedure allows parties to obtain discovery of any



relevant evidence. This discovery encompasses any matter that affects or could affect anything at issue in the litigation. *See* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). The party objecting to a discovery request bears the burden of demonstrating why such discovery is improper. Chicago Dist. Council of Carpenters Pension Fund v. D.P. Builders, Inc., 1997 WL 685021, *3 (N.D. Ill. 1997). Rule 37(a) allows parties to file a motion seeking an order to compel discovery if the other party resists its good faith efforts.

## I. Motion to Compel Discovery Relating to Witness Interviews

Defendants first seek an order compelling CA to disclose the names of all current and former Quest employees[1] it has interviewed and to turn over all statements made by these witnesses as part of the interviews. CA has refused to turn over this information, arguing that it is protected by the attorney work product privilege and that defendants can find any potential witnesses in the initial Rule 26 disclosure.

Plaintiff cannot use the work product privilege to protect the underlying facts in the dispute from being discovered. Thomas & Betts Corp. v. Panduit Corp., 1997 WL 603880, *6 (N.D. Ill. 1997). Of course, defendants may not use the discovery process to improperly gain insight into plaintiff's lawyers' preparation for the case. Board of Education of Evanston Township High School Dist. No. 202 v. Admiral Heating and Ventilating, Inc., 104 F.R.D. 23, 32 (N.D. Ill. 1984).

Balancing these concerns, we find that CA must turn over the names of the current and former Quest employees it has interviewed in connection with this litigation. While it is true

---

[1] In their briefs supporting this motion, defendants appear to seek the names of *all* witnesses interviewed by plaintiff. They do not advance any arguments as to why we should order the production of the names of witnesses other than those who have worked for Quest. Also, Interrogatory No. 12, which is at the center of this dispute, mentions only Quest employees. For these reasons, we deal with the motion as though it relates only to former or current employees of Quest.

that defendants have an opportunity to interview these employees on their own, we believe that the disclosure of the names is extremely unlikely to have a prejudicial effect on CA or give defendants any insight into its preparation for litigation. *See* American Floral Services, Inc. v. Florists' Transworld Delivery Ass'n., 107 F.R.D. 258, 260-61 (holding that "the identity of witnesses having knowledge of the relevant facts is discoverable information"). Instead, it will serve only to expedite the gathering of relevant information. We also note that, while the list of Quest employees on CA's Rule 26 disclosure is manageable, CA has interviewed at least one witness, Robert Bersano, who was not listed in that disclosure.

We decline, however, to order CA to turn over additional information relating to these interviews. Such information does have the possibility of giving defendants a significant insight into the litigation strategy of CA. Moreover, such disclosures are unnecessary as defendants will have a fair opportunity to contact and interview these witnesses regarding any statements that they have made to CA. We see no reason why plaintiff should be forced to assist defendants in their own witness interviews.

## II. Motion to Compel Disclosure of Copyright and Trade Secret Allegations

Defendants next seek an order compelling CA to specifically disclose its allegations of trade secret misappropriation and copyright infringement. They claim that CA has done little more than allege that its Enterprise Database Administration project (EDBA) source code is protected by the federal Copyright Act, 17 U.S.C. § 107 *et seq.*, and the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, and contend that the time has come for plaintiff to be far more specific about what is protected and what has been copied.

Plaintiff contends that its EDBA source code, in its entirety, is protected intellectual

property. While defendants argue that this is impossible, we find no authority in support of their argument. *See* Bucklew v. Hawkins, Ash, Baptie & Co., LLP, 329 F.3d 923, 928 (7th Cir. 2003) (holding that entire computer program may be copyrightable even though individual parts were not because the program represented a combination of format choices for which there were an "immense number of alternative combinations"). Plaintiff also lists specific protected information contained in the code that it believes defendants used in creating their software.

The analogy to a movie used by the Seventh Circuit in Bucklew is instructive here. 329 F.3d at 929. Nothing prevents CA from claiming a copyright in the entire source code just as nothing prevents the creator from holding a copyright in an entire film. *Id.* This result is the same even if both the source code and the film contain a number of elements that are not themselves protectable. *Id.* If it is to prevail on its claims, CA must show that defendants have infringed specific elements contained within the code. Moreover, it must go on to show that these elements were its original creations and that they were not the only way of accomplishing functional goals of the source code. *Id.* If plaintiff cannot show this, its infringement claims are barred by the doctrines of merger or *scénes à faire*. *Id.*

In order to allow defendants to adequately prepare a defense, plaintiff must, at some point, specifically disclose the elements of source code it believes were copied and state why it believes those elements were protected by law. While helpful, plaintiff's initial list of areas where copying may have occurred is not enough to fully inform defendants of these claims. The question then is simply one of timing. Obviously, the sooner such disclosures are made, the better. It is a waste of resources for defendants and their attorneys to spend time and money

pursuing discovery without fully knowing what plaintiff claims. We recognize, however, that we are dealing with a highly technical and complex subject area in which the parties, their counsel (and certainly the judge) are dependent upon experts. Plaintiff cannot fully articulate the claims until its experts' reports are complete – and defendants cannot be called upon to complete their preparations in defense until the claims have been fully articulated. But when? Sooner is better than later, and we need to pick some dates.

## CONCLUSION

For the foregoing reasons, defendants' motion to compel discovery relating to plaintiff's witness interviews is granted in part and denied in part; their motion to compel disclosure of the trade secret and copyright infringement allegations is denied. Plaintiff is hereby ordered to disclose the names of current and former Quest employees it has interviewed as part of this litigation.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 16, 2003.