## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4721 | **DATE** | 12/9/2003 |
| **CASE TITLE** | Computer Associates International vs. Quest Software, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants' first motion for partial relief from the protective order (79-1) is granted in part and denied in part. Defendants' motion to compel deposition of Norm J. Rich (78-1) is denied. Defendants' request for sanctions is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 11 2003 date docketed | 94 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK'S OFFICE | 12/9/2003 date mailed notice | |
| GL | courtroom deputy's initials | 03 DEC 10 PM 3:56 Date/time received in central Clerk's Office | GL mailing deputy initials | |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPUTER ASSOCIATES INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QUEST SOFTWARE, INC., a California corporation, et al.,<br><br>Defendants. | Case No. 02 C 4721<br><br>Judge James B. Moran<br><br>Mag. Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff Computer Associates International, Inc. ("CA") brought this action against Quest Software, Inc. ("Quest") and four of its employees alleging copyright infringement and trade secret misappropriation. Before us are two of defendants' discovery motions. The first seeks partial relief from the Protective Order Regarding Confidential Information ("Protective Order") in this case. The second seeks to compel the deposition of plaintiff's counsel Norm Rich. After carefully reviewing all the briefs submitted by both parties, we grant in part and deny in part defendants' first motion for relief from the Protective Order and deny their second motion to compel the deposition of Norm Rich.

### Motion for Partial Relief from the Protective Order

In their first motion, defendants request that we allow the individual defendants to review the Declaration of Martin Hubel ("Declaration"), a document that the plaintiff has marketed "outside counsel only" pursuant to the Protective Order. Martin Hubel is

the plaintiff's database/source code expert who compiled a 187 paragraph declaration that incorporates thirteen appendices for a total of approximately 615 pages.[1]

Plaintiff has already offered to allow the individual defendants access to nine[2] of the thirteen appendices and it is so ordered. As for the remaining four[3] appendices, we find that Appendices J, M and N were incorrectly categorized as "outside counsel only" and should be disclosed to the individual defendants. Appendix D was properly classified "outside counsel only" and will not be disclosed.

Pursuant to the Protective Order, the only documents entitled to the "outside counsel only" designation are those that contain information whose disclosure a party believes in good faith would harm its competitive position. The disclosure of the information in Appendices J, M, and N would not harm CA's competitive position and therefore does not qualify for "outside counsel only" protection. Appendix N is Hubel's resume. The resume of a party's retained expert does not contain the party's proprietary information and there is no way that its disclosure could harm CA's competitive position. Appendices M and J contain information that has already been disclosed to Quest and we cannot see how turning it over again would be detrimental to

---

[1] Although both sides submitted a sum of four briefs on the issue, neither side provided us with the appendices in dispute or an index of their content. In their briefs, both parties represented that there were fourteen appendices attached to the Declaration. However, after carefully reviewing the Declaration we only found reference to thirteen appendices. Therefore, we contacted the parties and requested that they submit a joint index of the Declaration appendices. We received the joint index on December 5, 2003 and as we suspected, there were only thirteen appendices attached to the Declaration. Appendix I was intentionally omitted.

[2] These nine appendices are A,B,C,E,F,G,H,K, and L.

[3] The remaining appendices at issue are D, J, M, and N.

2

CA. The harm, if any, from the disclosure of this information has already occurred. Paragraph 96 of the Declaration, referring to Appendix M, plainly states that "this document was available to Quest." Appendix J contains a summary chart of the information contained in Appendix K, which CA offered to show to the individual defendants.

Conversely, Appendix D was properly labeled "outside counsel only" because it tracks the development of CA's Parser product and contains information that if disclosed could harm the competitive position of CA. The defendants are not entitled to view the step by step changes CA made to Parser during its development. That thought process and development technique is proprietary information and should be protected.

As for the Declaration, again plaintiff has offered to allow the individual defendants access to fifteen[4] of the 187 paragraphs and it is so ordered. After a close review of the remaining 172 paragraphs we find that a majority were not properly classified "outside counsel only" under the Protective Order and should be disclosed to the individual defendants. As was the case for a majority of the appendices, we do not see how the disclosure of the information in the Declaration could harm plaintiff's competitive position. Only paragraphs 79-81 and 99-126 were properly designated "outside counsel only". The remainder of the Declaration should be disclosed to the

---

[4] These fifteen paragraphs are 76-77, 82-86, 91-92, 137, 157, 162, and 178-79. We note that plaintiff only identified fourteen paragraphs in its briefs, omitting paragraph 77. However, plaintiff's October 29, 2003 letter states a willingness to allow the individual defendants access to paragraph 77. Paragraph 77 merely summarizes the information in paragraph 76 and Appendices A and B, which plaintiff agreed to disclose. Therefore, the individual defendants can view paragraph 77.

individual defendants.

A majority of the Declaration contains background information on database managing systems and their uses and functions. Other sections contain a comparison of CA's product and Quest's product, information that both sides already possess and whose disclosure will not harm CA. The only sections whose disclosure could harm CA's competitive advantage are paragraphs 79-81, which contains a specific discussion of the alleged source code copying, and paragraphs 99-126, which detail the development of Parser. The remaining paragraphs were not properly designated "outside counsel only" and can be disclosed to the individual defendants.[5]

## Norm Rich's Deposition

In their second motion, defendants request that we compel plaintiff's counsel Norm Rich to sit for a deposition. Rich assisted in the preparation of CA's applications for copyright registration of the EDBA source code at issue in this case. He also signed and submitted the applications to the Copyright Office and communicated with the Registrar of Copyrights on behalf of CA. Defendants contend that they are entitled to depose Rich because he is the only person who can provide testimony as to the representations made in the copyright applications and the events of their prosecution. Defendants also argue that the proposed subject matter of Rich's deposition is limited to relevant, non-privileged information. Plaintiff disagrees, arguing that the drastic measure of ordering the deposition of a party's counsel in not warranted in this case because the information sought can be obtained through other means, namely

---

[5] The individual defendants can review paragraphs 1-78, 82-98, 127-187.

deposing CA's Rule 30(b)(6) witness.

It is well established that attorneys do not enjoy a blanket immunity from being deposed. *Prevue Pet Products, Inc. v. Avian Adventures, Inc.*, 200 F.R.D. 413, 418 (N.D. Ill. 2001). Rule 30 of the Federal Rules of Evidence states that "[a] party may take the testimony of any person, ..., by deposition." Fed.R.Civ.P. 30(a)(1). Thus, a party's counsel can be deposed. *Prevue*, 200 F.R.D. at 418. However, it is also well recognized that deposing an opposing party's counsel "provides a unique opportunity for harassment." *Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418, 420 (N.D. Ill. 1987). Therefore, many courts in this district including ours have adopted the *Shelton* test which only allows a party to depose opposing counsel when "(1) [n]o other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Hernandez v. Longini*, 1997 WL 754041 at *5 (N.D. Ill. 1997) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987).

Other courts have adopted the more liberal standard set forth in *qua* when determining whether an opposing party's counsel can be deposed. *See qua. inc. v. ALN Assoc., Inc.*, 132 F.R.D. 492 (N.D. Ill. 1990). In *qua*, the case defendants rely on, the court declined to follow the *Shelton* test, stating that a court may exercise its discretion to bar a deposition of counsel where "it is really true that information may be derived at least as readily from a source other than the lawyer." *Id.* at 495.

Under both the *Shelton* test and the reasoning of *qua*, defendants cannot depose Rich. Although this case has been pending for over a year, the parties are

currently briefing a motion for preliminary injunction and are engaged in ongoing discovery. Defendants contend that they are entitled to depose Rich on three issues (1) plaintiff's position that all of the EDBA source code at issue is protectable under the Copyright Act; (2) the dates of creation and publication for the EDBA source code and the code's origins; and (3) the nature of the source code Rich attached to the copyright applications. Plaintiff objects to Rich's deposition arguing that this information can be obtained from its Rule 30(b)(6) witness.[6]

Under *Shelton*, defendants must show that no other means exist for obtaining the discovery they are seeking. Under the relaxed *qua* standard, defendants must show that it would be more difficult to obtain the information from a source other than opposing counsel. Under both standards, Rich's deposition will not be compelled because defendants can obtain the requested discovery from CA's 30(b)(6) witness.

The information defendants are requesting is not specific to Rich. In fact, CA's 30(b)(6) witness would be more qualified than Rich to discuss the technical aspects of the EBDA source code and the company's position as to its protectability under the Copyright Act. To the extent defendants need more information regarding Rich's conversation with the Copyright Office,[7] interrogatories are an appropriate method for

---

[6] Plaintiff also objected to Rich's deposition on the grounds that (1) it would be unduly burdensome and (2) it sought privileged information. Plaintiff has since abandoned these arguments because defendants have agreed to depose Rich in Washington D.C. where he works, and plaintiff concedes that the mere assertion of privilege is not sufficient to preclude its counsel's deposition. United States v. White, 950 F.2d 426, 430 (7th Cir. 1991). The plaintiff acknowledges that it has the burden of establishing that each individual question in the deposition seeks privileged information. *Id.*

[7] Plaintiff has attached an affidavit from Mr. Rich in which he states that he has no recollection of the content of any conversations with the Copyright Office and believes that they must have been very short because he did not bill for them.

6

obtaining that information. Rich has agreed to answer any such interrogatories, subject to valid assertions of privilege.

Allowing defendants to depose CA's counsel before it has deposed CA's 30(b)(6) witness, a witness who CA represents can provide the information defendants seek, would set an unwelcomed precedent. We do not want to encourage the depositions of opposing counsel as an initial means of discovery. Deposing an opposing party's counsel should be a last resort, or at least, must come after the party has exhausted other equally accessible sources of discovery.

Finally, defendants' request for sanctions is denied. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: December 9, 2002