DOCKETED
APR 2 1 2004

FILED
APR 1 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COMPUTER ASSOCIATES INTERNATIONAL, INC., a Delaware corporation, | ) | |
| Plaintiff, | ) | Case No. 02 C 4721 |
| v. | ) | Judge Moran |
| QUEST SOFTWARE, INC., a California corporation, MICHAEL J. FRIEL, an Illinois resident, DEBRA A. JENSON, an Illinois resident, ROBERT M. MACKOWIAK, an Illinois resident, ELIZABETH W. WAHLGREN, an Illinois resident, and FRANK L. BISOTTI, a Wisconsin resident, | ) | Magistrate Judge Mason |
| Defendants. | ) | |

**NOTICE OF DEFENDANTS' MOTION TO STRIKE THE REPLY DECLARATION OF MARTIN HUBEL**

TO: John F. Zabriskie
FOLEY & LARDNER
One IBM Plaza
Chicago, IL 60611

Please take notice that on Tuesday, April 20, 2004, at 9:~~15~~ 00 a.m., or as soon thereafter as counsel may be heard, during the already scheduled status conference, Defendants will appear before the Honorable James B. Moran, or any judge sitting in his stead, in the courtroom usually occupied by him, room 1843, Dirksen Building, 219 South Dearborn Avenue, Chicago, Illinois and present **Defendants' Motion to Strike the Reply Declaration of Martin Hubel.**

Dated: April 14, 2004.

Attorneys for Defendants:

[signature]

Brian D. Sieve, P.C. (6199741)
Arthur Gollwitzer III (6225038)
Michael J. Newman (6256447)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000
KIRKLAND & ELLIS

130

## Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that before 4:00 p.m. on April 14, 2004, I caused:

**Notice of Defendants' Motion to Strike the Reply Declaration of Martin Hubel**

**Defendants' Motion to Strike the Reply Declaration of Martin Hubel**

**Defendants' Reply Memorandum in Support of Defendants' Motion to Strike the Testimony of Martin Hubel**

to be served by messenger delivery upon the following counsel of record:

John F. Zabriskie
FOLEY & LARDNER
321 N. Clark Street
Chicago, Illinois 60611

Arthur Gollwitzer III

DOCKETED
APR 2 1 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 1 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| COMPUTER ASSOCIATES INTERNATIONAL, INC., a Delaware corporation, | ) | |
| Plaintiff, | ) | Case No. 02 C 4721 |
| v. | ) | Judge Moran |
| QUEST SOFTWARE, INC., a California corporation, MICHAEL J. FRIEL, an Illinois resident, DEBRA A. JENSON, an Illinois resident, ROBERT M. MACKOWIAK, an Illinois resident, ELIZABETH W. WAHLGREN, an Illinois resident, and FRANK L. BISOTTI, a Wisconsin resident, | ) | Magistrate Judge Mason |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE THE REPLY DECLARATION OF MARTIN HUBEL**

Some two months ago, on January 9, 2004, Defendants filed a motion to strike the testimony of CA's lone purported liability "expert," Martin Hubel, pursuant to the Supreme Court's *Daubert* decision. Defendants moved to strike Hubel's purported testimony because it was methodologically flawed, unsupported, and wholly improper. CA requested and was granted more than two months to file a response to that motion. On March 29, 2004, CA filed its response, and also submitted what it labeled as a "Reply Declaration of Martin Hubel."

This "Reply" declaration is the *third* Hubel declaration CA has offered in this case. This "Reply" in no way cures the numerous and substantial defects raised by Defendants' *Daubert* motion. This Motion, however, is not directed to the merits of the pending *Daubert* motion. Rather, Defendants are filing this Motion because Hubel's latest declaration is untimely, unfair and improper, and should therefore be stricken.

130

Hubel's third declaration contains new opinions, new purported support for Hubel's old opinions, and attempts to address issues that go well beyond the bases for Defendants' pending *Daubert* motion. CA neither sought nor obtained leave of Court to file this third declaration. Defendants have not been given the opportunity to take discovery on this third declaration. Indeed, because CA filed this declaration more than two months *after* Defendants filed their response to CA's motion for a preliminary injunction, Defendants were not even able to address in their brief any of the new issues raised by CA (*e.g.*, CA's new assertion that Mr. Hubel will testify regarding the alleged value of CA's supposed trade secrets).

The Federal Rules do not allow a plaintiff to make repeated filings each time a defendant exposes fatal flaws in its case. CA has the burden of proof, and at some point the time must come for CA's offer of proof to end. CA apparently believes that it is free to keep making successive submissions until it thinks the Court will accept its position. Not so. CA should not be allowed to attempt to bolster its case with new and different evidence. In further support of this Motion, Defendants state as follows:

**FACTS**

1. CA filed its motion for a preliminary injunction on October 15, 2003. At that time, CA supported its motion with a declaration from Martin Hubel – CA's only purported expert witness on liability issues. The Court set a schedule for adjudication of CA's motion under which Defendants were permitted to take discovery on the issues raised in CA's motion and then to file their response brief by January 9, 2004.

2. On November 26, 2003, nearly two months into Defendants' time for taking discovery and preparing their response to CA's motion, CA sought leave from the Court to file a new "corrected" declaration from Mr. Hubel. The Court granted CA's request, and

allowed Mr. Hubel a second bite at the apple. The Court added an extra week to Defendants' response date in recognition of Hubel's tardy second try.

3. On December 18, 2003, Defendants deposed Mr. Hubel on his first two declarations. In that deposition, Defendants learned that Mr. Hubel was unqualified, his methodology was fatally flawed, and his opinions still contained a large number of errors (despite the fact that the was allowed to submit a "corrected" declaration). On January 16, 2004, Defendants moved to strike Mr. Hubel's testimony and his corrected declaration because it is clear that Mr. Hubel's proffered expert testimony is not helpful, not reliable, and not admissible under Federal Rule of Evidence 702 and the *Daubert* decision. (*See generally* Defendants' *Daubert* Motion)

4. On March 29, 2004, CA finally responded to Defendants' *Daubert* Motion. CA's response included yet a *third* declaration from Mr. Hubel. Mr. Hubel's latest declaration is another seventeen pages and 69 paragraphs. This latest declaration is nothing more than an untimely effort to correct the numerous substantive errors in his prior declarations. Just as troubling, Hubel attempts to use this third declaration to inject new opinions and new support for CA's motion into this case, even though Defendants have not had an opportunity to investigate these new opinions or to take discovery on them.

**ARGUMENT**

5. Mr. Hubel's third declaration is improper, and the Court should strike it for at least three reasons.

6. *First*, Hubel's "reply" declaration is untimely under this Court's scheduling order. CA first sought a preliminary injunction more than five months ago. CA should have disclosed *all* of the support for its motion *at the time it filed the motion*. Upon receiving that declaration, Defendants began analyzing it, and they spent substantial time, effort

and resources doing so. Yet some two months later, right in the middle of Defendants' preparation to depose Mr. Hubel, CA apparently recognized that its initial submission was flawed. Thus, after CA filed its "corrected" declaration, Defendants again had to spend substantial time, effort, and resources evaluating the revised opinions. Defendants then deposed Mr. Hubel on his revised opinions, and they prepared their response to CA's preliminary injunction motion based on those opinions.

7. Now, after Defendants have filed their response brief and at the very end of the briefing schedule on CA's motion (CA's reply brief is due on April 14th),CA has gone back to the drawing board and is trying to prop up Mr. Hubel yet again. This latest declaration is clearly untimely. CA's repeated attempts to rehabilitate its lone liability "expert" suggests that CA knows full well that Hubel's prior declarations were insufficient to establish a likelihood of success on the merits of its claims. CA should not be allowed to bolster repeatedly its faulty claims with successive untimely "expert" declarations.

8. *Second*, CA's submission of yet another Hubel declaration is unfairly prejudicial to Defendants. Defendants have already devoted substantial resources to deposing Hubel on his first two declarations. Defendants have not had, and will not have, any opportunity to investigate Hubel's new opinions. Defendants have had no opportunity to depose Hubel again, a process that has in the past confirmed that Hubel's opinions wither under the test of cross-examination.

9. *Third*, a person who has testified under oath cannot undo his prior testimony with after-the-fact self-serving affidavits. *See Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996) (holding that the law of this circuit does not permit a party to create an issue by using an affidavit to contradict prior deposition testimony). This is precisely what Mr.

Hubel is trying to do here. Mr. Hubel made numerous admissions in his December 18th deposition. Defendants relied on those admissions as part of the basis for their *Daubert* motion and their opposition to CA's motion for a preliminary injunction. The Court should not allow CA and Mr. Hubel to retreat from or try to explain away his admissions with a new self-serving declaration.

10. Similarly, it is well established in the Seventh Circuit that arguments raised for the first time on reply are waived. *See James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998) ("[a]rguments raised for the first time in a reply are waived"). Raising arguments for the first time on reply harms the adversary system because it deprives the other party of an opportunity to respond effectively. *Id.* While CA submitted Hubel's "reply" declaration ostensibly in opposition to Defendants' *Daubert* motion, it is clear that Hubel's "reply" declaration is in substance just that – a reply that raises new issues. By attempting to inject new facts and opinions at this late date, CA is both trying to save Hubel *and* raise new arguments in support of its motion for a preliminary injunction on reply. The Seventh Circuit has made clear that such untimely injection of new issues unfairly denies the party opposing the motion the opportunity to respond effectively. Accordingly, the Court should strike Hubel's latest declaration.

11. In sum, the time has come to put an end to CA's unfair litigation tactics. CA has the burden of meeting the four-part test for obtaining the extraordinary remedy of a preliminary injunction. CA should have put forth a full and complete case when it filed its motion. It did not do so. This Court has already allowed CA to attempt to cure fatal defects in its case once. It should not do so again. CA's untimely filing of an entirely new expert declaration is unfair and improper under the Federal Rules. The declaration should be stricken

and not considered by this Court as part of the record on the pending motion for a preliminary injunction.

## CONCLUSION

For the above reasons, Defendants respectfully respect that this Court strike the Reply Declaration of Martin Hubel.

Dated: April 14, 2004

Respectfully submitted,

Brian D. Sieve, P.C. (6199741)
Arthur Gollwitzer III (6225038)
Michael J. Newman (6256447)
Colby Anne Kingsbury (6272842)
David Rokach (6279703)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 Telephone
(312) 861-2200 Facsimile

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that before 4:00 p.m. on April 14, 2004, I caused:

**Notice of Defendants' Motion to Strike the Reply Declaration of Martin Hubel**

**Defendants' Motion to Strike the Reply Declaration of Martin Hubel**

**Defendants' Reply Memorandum in Support of Defendants' Motion to Strike the Testimony of Martin Hubel**

to be served by messenger delivery upon the following counsel of record:

John F. Zabriskie
FOLEY & LARDNER
321 N. Clark Street
Chicago, Illinois 60611

Arthur Gollwitzer III