Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4721 | **DATE** | 7/30/2004 |
| **CASE TITLE** | COMPUTER ASSOCIATES INTERNATIONAL vs. QUEST SOFTWARE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. The parties are directed to present an appropriate order re bond to be entered by the court on Tuesday, August 3, 2004 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 02 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COMPUTER ASSOCIATES INTERNATIONAL, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No. 02 C 4721 |
| QUEST SOFTWARE, INC., a California corporation, MICHAEL J. FRIEL, an Illinois resident, DEBRA JENSON, an Illinois resident, ROBERT M. MACKOWIAK, an Illinois resident, ELIZABETH W. WAHLGREN, an Illinois resident, and FRANK L. BISOTTI, a Wisconsin resident, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | DOCKETED AUG 2 2004 |

## MEMORANDUM OPINION AND ORDER

On June 24, 2004, we issued an order granting plaintiff's motion for a preliminary injunction upon the approval of an appropriate order and bond. The parties have failed to reach an agreement on certain issues, leaving us to resolve them.

We first note that the purpose of the preliminary injunction is to preserve the status quo until the merits of the dispute are resolved. Indiana Civil Liberties Union v. O'Bannon, 259 F.3d 766, 770 (7th Cir. 2001). We also take special care to avoid causing any harm to innocent third parties.

The third parties at issue are approximately 460 customers who own licenses for Quest Central for DB2. In order to avoid harming those customers the parties agree that Quest must be able to provide technical support, but disagree as to the extent of that support. Computer Associates argues that Level I and Level II support (essentially, telephone help desks) are

acceptable, but that Quest should be prohibited from offering Level III and Level IV support, at which point Quest employees may need to access and possibly modify the source code. Quest claims that such a line would harm the customers and that we should instead draw the line between "bug fixes," in which a problem is repaired and "enhancements," in which some new functionality is added to the source code.

In order to properly protect the rights of third parties, we agree with defendants that the order should only prevent enhancements to the software. We also note, however, that Quest Central for DB2 is currently in its fourth version and that Quest has certainly had the opportunity to correct major bugs in the program. We expect that Level III and Level IV support will not be frequently necessary. For that reason, Quest must notify Computer Associates when its employees actually access the code.

Defendants have also recently brought to our attention the fact that various term-based licensees have the option of converting to perpetual licenses for a fee. We agree with defendants that the injunction should recognize this and respect the contractual rights of those customers. The injunction should certainly try to avoid a situation where Quest consumers find themselves suddenly unable to use their database administration software. However, allowing third parties to purchase a permanent license may cause substantial problems depending on the outcome of this litigation. For that reason, we believe that the best solution is to allow current Quest customers to extend their licenses for a reasonable time but to prevent them from converting to perpetual licenses.

Finally, we turn to the issue of the security bond to be posted by plaintiffs. Because the bond generally limits the amount of recovery available to defendants, should it be determined that the injunction was improvidently granted, we should err on the high side. *See* Mead

Johnson & Co. v. Abbott Labs., 201 F.3d 883, 888 (7th Cir. 2000). Defendants claim to have generated revenues of $5.0 million in 2002 and $7.2 million in 2003 from licenses of Quest Central for DB2 and seek a bond of $10 million. In a press release following our June 24, 2004 order, Quest indicated that the product represents only 3% to 4% cent of total revenues and has not been profitable. Computer Associates therefore argues that the profit generated by Quest Central could not have been more than $860,000 and offers a bond of $1 million.

Even if the product amounts to only 3% to 4% of Quest's licensing revenue, that is still a substantial amount of money (approximately $5.3 million to $7.2 million in 2003). Enjoining the distribution and licensing of such a product is an extraordinary remedy and care should be taken to avoid unnecessary harm to defendants. We also recognize that Computer Associates will likely be able to post a significant bond without risk of serious harm. For those reasons, we believe that a bond of $5 million ($5,000,000.00) is appropriate.

The parties are directed to present an appropriate order to be entered by the court on Tuesday, August 3, 2004 at 9:00 AM.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 30, 2004.